OPINION
Appellants Richard B. Kuhn and Barbara C. Kuhn appeal judgments of the Stark County Court of Common Pleas, which ruled in favor of Appellee Bruno J. Ferrante in a dispute over use of a recorded ingress/egress easement. The relevant facts leading to this appeal are as follows.
The Kuhns (husband and wife) and Ferrante own adjacent parcels of land in Jackson Township, Stark County, which have access to Wales Avenue, a public roadway, via a fifty-foot wide lane running in an easterly direction towards Wales, on and over an easement lying immediately south of and adjoining the south line of the Kuhns' land. Ferrante thus holds the servient estate in regard to the easement. The Kuhns acquired their land in two parcels, one obtained in 1974 and one in 1997. They began using the lane in 1974 during construction of their residence on the first parcel. Over the years, they have maintained a gravel base and a culvert on their portion of the lane. They have also utilized the lane portion for the parking of their vehicles and those of their invitees and licensees.
Ferrante took title to his property in 1997, following purchase at a public auction. The parties thereafter began disputing the utilization of the lane. On October 1, 1999, the Kuhns filed a complaint against Ferrante, asserting a claim for title by adverse possession and a request for a declaratory judgment regarding a .271 acre tract, which includes the easement. On January 25, 2000, Ferrante filed an answer and counterclaim.
The matter was tried to the court on February 14 and 15, 2001, and judgment was entered on March 8, 2001. The court ruled that the Kuhns had failed to establish their claim to adverse possession of the .271 acre tract. The court further held that both the Kuhns and Ferrante were enjoined from using the easement for parking purposes or placing obstructions thereon.
The Kuhns filed their notice of appeal on April 9, 2001[1]. They herein raise the following two Assignments of Error:
 I. THE TRIAL COURT ERRED IN IMPOSING EASEMENT MAINTENANCE DUTIES AND OBLIGATIONS UPON APPELLANTS BEYOND THOSE REQUIRED UNDER LAW.
 II. THE TRIAL COURT ERRED IN RESTRICTING APPELLANTS' EASEMENT RIGHTS.
 I
In their First Assignment of Error, the Kuhns argue that the trial court imposed an unconstitutional obligation upon them to maintain the entire lane, which also crosses the property of several non-party real property owners. We disagree.
Appellants challenge the following language in the judgment entry under appeal:
 13. Plaintiffs have a duty to make whatever repairs are necessary for their use of the easement.
 14. In the event that plaintiffs fail to make necessary repairs, defendant may make such repairs and recover from plaintiffs a share of the money expended which is proportionate to plaintiffs' use of the easement.
Judgment Entry, March 8, 2001, at 6.
The trial judge's wording merely reflects a general duty long-recognized under Ohio law: "The burden devolves upon the owner of the dominant estate of making whatever repairs are necessary for his use of the easement." National Exch. Bank v. Cunningham (1889),46 Ohio St. 575, 589. Appellants readily concede that they have no dispute with maintaining the portion of the lane adjacent to their property. Appellant's Brief at 7. Appellants' contention that the trial court placed upon them a burden to maintain one-hundred percent of the responsibility for the lane is fundamentally misstated.
We find that appellants have failed to demonstrate that the trial court's aforecited conclusions of law would amount a prejudicial error warranting reversal on appeal. See App.R. 12.
Appellants' First Assignment of Error is overruled.
 II
In their Second Assignment of Error, the Kuhns contend that the trial court erred in restricting their claimed right to allow automobiles to park on the portion of the lane adjoining their property. We disagree.
Appellate review of a trial court's interpretation of an easement agreement is conducted under a de novo standard of review, but we defer to the court's factual findings, including findings about the parties' intent, if there is any competent, credible evidence that supports the trial court's decision. Fitzgerald v. Keller (June 12, 1996), Lorain App. No. 95CA006107, rereported, citing Murray v. Lyon (1994),95 Ohio App.3d 215, 219. If we determine that an easement has been properly interpreted, we review the trial court's grant of relief under an abuse of discretion standard. Id., citing Garono v. State (1988),37 Ohio St.3d 171, 173. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The Kuhns first cite Columbia Gas Transm. Corp. v. Bennett (1990),71 Ohio App.3d 307, for the proposition that the scope of an easement should be interpreted to include all uses which are reasonably necessary and convenient to carry out the purpose of the easement. However, where an enforceable easement exists, its scope will generally be defined by the language of the granting instrument. See Lowe v. Redgate (1884),42 Ohio St. 329, 339. When the intent of the parties to an easement is clear from the face of the conveyance, it is not necessary to resort to rules of construction to determine the easement's effect. Murray, supra,
at 219.
In the case sub judice, both of the Kuhns' deeds contain language recognizing "* * * an easement and right of way for ingress and egress." In Cleveland v. Clifford (1997), 121 Ohio App.3d 59, the Court extensively analyzed whether a "drive easement" included the right to park automobiles. The Court cited Russo v. Stepp (1984), 2 Conn. App. 4,5-6, 475 A.2d 331, 332, wherein the Connecticut Court of Appeals construed a deed granting a "right to pass and repass in, over and upon for purposes of ingress and egress and to use for general driveway purposes that portion of * * * land of the grantors * * * over which a driveway now runs" as precluding parking by the easement owners. Id. at 62. The Clifford Court reasoned that "[p]arking is the antithesis of motion;" therefore, the plain meaning of the term "drive easement" would exclude parking within said easement. Id. at 61.
The record before us reveals that the Kuhns had their own driveway running off of and separate from the easement lane (TR at 12-13), and that Ferrante was frequently concerned about the liabilities he might incur due to any vehicles parked on the lane. (TR at 205). Upon review, we find no error in the trial court's restriction against parking as outside the scope of the ingress/egress easement.
Secondly, the Kuhns argue that they obtained a prescriptive easement for parking via the prior years of using the lane for said purpose. In order to establish an easement by prescription, a claimant must show, by clear and convincing evidence, a use of the disputed property that is open, notorious, adverse, and continuous for twenty-one years. J.F.Gioia, Inc. v. Cardinal Am. Corp. (1985), 23 Ohio App.3d 33. If the use is either by permission or accommodation for the owner, then it is not adverse. Hindall v. Martinez (1990), 69 Ohio App.3d 580. The Kuhns herein do not pursue a factual challenge to the trial court's denial of their adverse possession claim. Appellant's Brief at 3. The trial court, in so ruling, specifically held that the Kuhns' prior use was permissive. Conclusion of Law 2. This was in large measure based on testimony by Ron and Elizabeth McCarthy, the prior owners of Ferrante's property, that they formerly allowed grass mowing, recreation, and parking in regard to the easement area. Findings of Fact 12 and 13.
Appellants' alternative arguments regarding the right to park vehicles on the easement are without merit. Appellants' Second Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellants Richard B. and Barbara C. Kuhn.
Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concurs. Hon. Julie A. Edwards, P. J., concurs in part and dissents in part.
[1] The third-party defendant below, Ohio Bar Title Insurance Company, also filed with the trial court a "Motion for Reconsideration and/or Motion to Vacate" on February 27, 2001. The Kuhns' appeal from the denial of said motion is consolidated herewith.