MANOS, APPELLANT, *v.* DAY CLEANERS & DYERS, INC., APPELLEE.

(No. 4243—Decided April 9, 1952.)

*Messrs. Englebeck & Kaufmann,* for appellant.

*Mr. Ralph Burroughs* and *Mr. Samuel Friedman,* for appellee.

Doyle, J.  An appeal on questions of law and fact from a judgment of the Court of Common Pleas of Summit County places this litigation for trial *de novo* in this court.

As stated by the trial judge in the Court of Common Pleas:

"The plaintiff has two causes of action.

"The first cause of action is to prevent the defendant from building an edifice that would occupy the defendant's property from property line to property line.  It is claimed that the plaintiff has an easement over the erstwhile driveway that ran along the north side of the defendant's land and within two feet of the building on the plaintiff's property.  It is claimed that this driveway was used by the owner and occupants of the plaintiff's property for ingress and egress to the plaintiff's property for a period of more than twenty-one years.

"The second cause of action is an action to have removed two inches of a brick building that admittedly projects into the plaintiff's property on the west side thereof a distance of two inches.

"The defendant in the cross-petition seeks to have the court find that the two-inch western end of the

plaintiff's property has been occupied by the defendant's building for more than twenty-one years, and to quiet the title to the two-inch strip of land and declare the ownership thereof to be in the defendant.''

The answer of the appellee to the appellant's action in ejectment pleads the 21-year limitation for the bringing of the action.

1. It has long been the rule in this state that "1. Where one uses a way over the land of another without permission as a way incident to his own land and continues to do so with the knowledge of the owner, such use is, of itself adverse, and evidence of a claim of right. And where the owner of the servient estate claims that the use was permissive, he has the burthen of showing it." Also, "2. When one who is the owner of a tract of land uses a way over the land of another for the convenience of egress and regress to his own land, without let or hindrance and without obstruction for the period of twenty-one years, he thereby, in the absence of anything to the contrary, acquires a right by prescription to its use as an incident to his land; and the right will pass by a conveyance or descent of the land.'' *Pavey* v. *Vance*, 56 Ohio St., 162, 46 N. E., 898.

An essential element in the establishment of an easement by prescription under the foregoing general statement is proof that the use of the land was *adverse* or hostile to the real owner and under a claim of right. Without such proof, one cannot be said to possess or use as an owner. While it is difficult to put into words a definition of adverse user, it is probably safe to say that a use is not adverse if the use of another's land is accompanied with an express or implied recognition of the landowner's right to put an end to the use, or, as stated in 2 Tiffany on Real Property (2 Ed.), Section 519 (at p. 2042), "a user is adverse if not accompanied by any recognition, in ex-

press terms or by implication, of a right in the land-owner to stop such user now or at some time in the future.''

This court in *Pierce* v. *Cherry Valley Farms, Inc.,* 76 Ohio App., 58, 63 N. E. (2d), 46 (affirmed, 146 Ohio St., 400, 66 N. E. [2d], 639), set forth the elements necessary for the establishment of an easement by prescription. We then said that ''it must be adverse, under claim of right, continuous and uninterrupted, * * * *with the knowledge and acquiescence of the owner of the servient tenement,* and must continue for the full prescriptive period, while the owner of the servi-ent tenement is under no legal disability to assert his rights, or to make a grant.'' In the instant case, we adhere to our determination of the necessary elements therein set forth.

We adopt the theory of the modern practice that an easement may be acquired based upon the presump-tion of a grant, made and lost in modern times which a court may find if there is evidence of enjoyment for a sufficient length of time under the circumstances heretofore set forth. See: *Pavey* v. *Vance, supra.*

Proceeding now to the application of the law to the facts before us. Assuming that the facts justify the conclusion that there was a continuous use for 21 years of the driveway in question (which conclusion may be seriously doubted), such conclusion alone is not sufficient to establish an easement where the use is in conjunction with the continuous use by the land-owner who opened and used the driveway for his own purposes. As heretofore stated, a prescriptive title must be acquired adversely; and, as the evidence in this case and the reasonable inferences to be drawn therefrom indicate a permissive use or a neighborly accommodation, such fact is the antithesis of an ad-verse or hostile use, and, in sequence of reasoning, no prescriptive title is created.

In concluding the statement on this phase of the litigation, we are of the opinion that the evidence and the reasonable inferences to be drawn therefrom indicate a permissive use only, which, no matter how long or how often continued, cannot ripen into an easement by prescription, since *user as of right,* as distinguished from *permissive user,* is lacking. See: 28 Corpus Juris Secundum, Easement, Section 18, and cases cited.

Thus far in this opinion we have briefly discussed the law relative to the acquisition of an *easement by adverse use.* We now proceed to analyze the law relative to the acquisition of a corporeal hereditament by adverse possession, and the statute limiting the time to bring an action in ejectment, as distinguished from the acquisition of an incorporeal hereditament by prescription.

■ The evidence shows that the building of the appellee has occupied a small strip of the appellant's land (about 2 inches in width) since the year 1920, and from a time prior to the ownership of the property by the appellant, Freda A. Manos. This lawsuit was commenced in 1947. There was, therefore, an actual, continuous, notorious and exclusive use and possession of the appellant's (Manos's) property for 27 years. Evidence was introduced and received, tending to prove that in the year 1937 or 1938 (17 or 18 years after the original possession of the appellee) the appellant and the appellee orally agreed that payment of $7.50 a month, plus the cleaning of two suits of clothes per month, would be made to the appellant, Manos, to pay her for the use of the small strip of land upon which the building stood, plus an additional area for parking purposes, etc. It is asserted by the appellant, Manos, that this arrangement with modifications lasted for two or three years. (The appellee denies specifically

any such agreement.) It is claimed that this agreement interrupted an adverse use.

As we view the law in this state, we are not called upon to weigh this evidence, nor to determine whether an oral rental was agreed upon. This for the reason that the rules of law applicable to adverse possession of corporeal property for 21 years are not the same as those applicable to the acquisition of easements by prescription.

In this state it has long been a rule of property that:

"1. Where the statute of limitations is interposed in an action of ejectment, and it is shown that the original seizure was a disseisin, any subsequent act or declaration of the claimant, or his predecessor in title, which does not estop the claimant to plead the statute, nor suspend the right of the holder of the title to prosecute an action to recover possession, will not be sufficient to arrest the running of the statute. Neither a mere offer to buy within the twenty-one years, nor an acknowledgement by the claimant within that time that the title is in another, or that the claimant does not own the land, will have that effect." *McAllister* v. *Hartzell,* 60 Ohio St., 69, 53 N. E., 715.

The statute to which reference is made in the quotation above is now Section 11219, General Code, and is as follows:

"An action to recover the title to or possession of real property, shall be brought within twenty-one years after the cause thereof accrued, but if a person entitled to bring such action, at the time the cause thereof accrues, is within the age of minority, of unsound mind or imprisoned, such person, after the expiration of twenty-one years from the time the cause of action accrues, may bring such action within ten years after such disability is removed."

Assuming the law to be that a valid lease,

from the appellant, Manos, to the appellee, of the two-inch strip upon which the building is located, would arrest the running of the statute and would estop the claimant from pleading the statute of limitations, what is the legal effect of the claimed oral agreement to pay rent for the land, assuming that it is sufficiently established by the evidence?

The courts of this state have consistently held that, to escape the operation of the statute of frauds (Sections 8620 and 8621, General Code) to validate a parol lease of real property, there must be a delivery of possession of the land, which possession is clearly referable to the contract of lease. *Armstrong* v. *Kattenhorn, et al.,* 11 Ohio, 265. While this cited case was decided in 1842, nevertheless the rule found approval in the year 1949 in the case of *Snyder* v. *Warde, Admx.,* 151 Ohio St., 426, at pp. 433-434, 86 N. E. (2d), 489, in the following language:

"That delivery of possession will take an oral contract concerning lands out of the statute of frauds has been consistently held by this court since the case of *Wilber* v. *Paine* * * * [1 Ohio, 251]. *Bumiller* v. *Walker,* 95 Ohio St., 344, 116 N. E., 797, L. R. A. 1918B, 96. Such delivery of possession must be referable to the contract. *Armstrong* v. *Kattenhorn,* 11 Ohio, 265; *Crawford & Murray* v. *Wick,* 18 Ohio St., 190, 98 Am. Dec., 103. However, as consistent as this court has been in holding that delivery of possession removes an oral contract from the statute of frauds, it has been just as consistent in holding that the payment of the consideration is not sufficient to take such a contract out of the statute (*Sites* v. *Keller,* 6 Ohio, 483; *Pollard* v. *Kinner,* 6 Ohio, 528) * * *."

In the case here for decision, at the time of the claimed oral agreement of lease, the appellee's building had been standing on the appellant's land for more than 16 years. Whether the original encroach-

ment was by mistake or otherwise is of no consequence. The possession of the appellee from the beginning had been continuous and exclusive under the original encroachment, and ''if the possession can be referred to any other source than the parol contract, which it is claimed to support, even to the wrongful act of the party in possession, or to a different contract, the statute applies,'' and is not possession in pursuance to the oral lease, which alone can give it (the lease) life. *Armstrong* v. *Kattenhorn, supra.*

Adopting and paraphrasing the aphorism of the Supreme Court of this state as expressed in *McAllister* v. *Hartzell, supra,* at p. 93, to the case before us, we conclude that, where it is shown that the original seizure was a disseisin, no subsequent act or declaration of the claimant should be held to toll the statute which does not deprive the holder of the title of his right to prosecute his action to recover possession or suspend the same. In applying the rule, it is clear that an oral agreement of lease, which was ineffectual because of the statute of frauds, did not deprive the appellant of a right to bring an action to recover possession of his property within the twenty-one-year period, nor was such oral agreement, if in truth and fact it was actually made, a sufficient acknowledgement of the claimant that the title was in the other, or that he did not own the land, to suspend the running of the statute of limitations. ''Such acts and declarations raise no conclusive implication that the claimant intends to attorn to the holder of the title, or yield the possession.''

In concluding this phase of the litigation, we deny the plea for ejectment and quiet the title in the appellee to the small strip of land.

*Decree for appellee.*

HUNSICKER, P. J., and STEVENS, J., concur.