DICKMAN, APPELLEE, v. MOORE ET AL., APPELLANTS.[*]

(No. 8964—Decided August 28, 1961.)

*Mr. Smith H. Tyler, Jr.*, and *Messrs. Kruse, Outcalt & Undercoffer*, for appellee.

*Mr. Jack Glenn Williams*, for appellants.

[*]Motion to certify the record overruled, December 20, 1961.

Long, P. J.  This is an appeal from a judgment of the Court of Common Pleas of Hamilton County, Ohio, wherein a jury set aside the will of the testatrix.  Without setting out all the facts, there is subtsantial evidence in this record to indicate that the jury was justified in returning the verdict which it did.

The testatrix, a woman seventy-four years of age, was dying of cancer.  The will in question was executed on March 7, 1960.  Twelve days later, the testatrix lapsed into a coma and, eight days after that, died, never having regained consciousness.

The record in this case discloses circumstances surrounding the preparation and execution of the will, from which the jury was justified in finding that the instrument did not result from the exercise of the free will of the testatrix but, rather, from the undue influence of others.  It is not necessary that the undue influence result in mental incapacity; if there is substantial evidence that the undue influence amounted to a substitution of the will of those exercising the undue influence for the free will of the testatrix, then the will must be set aside.

As stated in 41 Ohio Jurisprudence, 510, Section 373, "Where there are facts sufficient to raise a question of undue influence and the jury has resolved the facts against the validity of the will, an appellate court will not disturb the verdict and judgment on the weight of the evidence."

See *Raymond* v. *Hearon*, 30 Ohio App., 184, decided by this court.

*Judgment affirmed.*

O'Connell and Hildebrant, JJ., concur.