HINDALL, Appellee,

v.

MARTINEZ, Appellant.

[Cite as *Hindall v. Martinez* (1990), 69 Ohio App.3d 580.]

Court of Appeals of Ohio,
Hancock County.

No. 5–89–15.

Decided Sept. 27, 1990.

*David A. Hackenberg,* for appellee.

*Bruce J. Beck,* for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal by the defendant-appellant, Dorothy Rose Martinez, from a judgment of the Court of Common Pleas of Hancock County declaring the existence of a prescriptive easement over appellant's property.

Appellant and plaintiff-appellee, Janice Hindall, are the owners of adjoining lots. The property in dispute is a two-foot strip of Hindall's driveway which encroaches onto the western portion of the Martinez lot. The original gravel driveway was laid by the contractor who built the Hindall home about 1960. The original owner of that home built a garage behind the house and extended the driveway to it, later paving the driveway, including the encroachment, with blacktop. The garage does not encroach upon the Martinez lot.

In August 1988, after neighborly relations between the parties had soured, Martinez asserted her right of ownership over the disputed property by placing obstructions on the two-foot strip preventing Hindall's use of the full width of the paved driveway, making access to the garage difficult.

On October 11, 1988, Hindall filed a complaint against Martinez, seeking to quiet title to the disputed property and to permanently enjoin Martinez from obstructing the easement claimed. Hindall later amended her complaint to assert only a prescriptive easement. The trial court entered judgment for Hindall permanently enjoining Martinez from obstructing Hindall's use of the full driveway. In its memorandum opinion, the trial court found that Hindall's open, notorious, continual, and adverse use of the disputed property has resulted in a prescriptive easement over the western two feet of appellant's lot.

It is from this judgment that appellant appeals, asserting four assignments of error. Because appellant's second and third assignments of error are elements of the first and because all challenge the sufficiency of the evidence to support the trial court's judgment, we shall discuss the first three assignments of error together.

Appellant's first assignment of error is:

"The trial court erred in granting a prescriptive easement over the western two (2) feet of defendant's property and enjoining defendant from obstructing plaintiff's use of such property."

Defendant-appellant's second assignment of error is:

"The trial court erred in finding that plaintiff and her predecessors had openly, notoriously, and continuously used the defendant's western two (2) feet of property."

Defendant-appellant's third assignment of error is:

"The trial court erred in finding that plaintiff and her predecessors' usage of defendant's western two (2) feet of property was adverse to the interest of the defendant and her predecessor."

To obtain a prescriptive easement, a landowner using a neighbor's property must prove by clear and convincing evidence that such use was (a) open, (b) notorious, (c) adverse to the neighbor's property rights, (d) continuous, and (e) in place for at least twenty-one years. *J.F. Gioia, Inc. v. Cardinal American Corp.* (1985), 23 Ohio App.3d 33, 37, 23 OBR 76, 80–81, 491 N.E.2d 325, 330–331. See, also, *Butcher v. Katterjohn* (June 23, 1987), Hardin App. No. 6–85–14, unreported, 1987 WL 13485; *McInnish v. Sibit* (1953), 114 Ohio App. 490, 19 O.O.2d 476, 183 N.E.2d 237.

It is essential to the acquisition of a prescriptive easement that the use of the property be open. The elements that use be both open and notorious are often construed together. To be open, the use of the disputed property must be without attempted concealment. *Foot v. Bauman* (1955), 333 Mass. 214, 217–219, 129 N.E.2d 916, 919 (quoting 2 American Law of Property [1952] 269–270, Section 8.5). To be notorious, a use must be known to some who might reasonably be expected to communicate their knowledge to the owner if he maintained a reasonable degree of supervision over his premises. *Foot, supra,* 333 Mass. at 217–219, 129 N.E.2d at 919. In other words, the use of the property must be so patent that the true owner of the property could not be deceived as to the property's use. *Fulton v. Rapp* (App.1950), 59 Ohio Law Abs. 105, 107, 45 O.O. 494, 495, 98 N.E.2d 430, 431–432.

Open and notorious use is often treated as a substitute for the title holder's actual knowledge of use to trigger the running of the statute of limitations. When a use is open and notorious, the statute of limitations will run whether the cause of action, *i.e.,* the use of the property, is known or unknown to the title holder. *Williams v. Pomeroy Coal Co.* (1882), 37 Ohio St. 583, 589; See, also, *Foot, supra,* 333 Mass. at 218, 129 N.E.2d at 919; 2 Ohio Jurisprudence 3d (1977), Adverse Possession, Section 23; 25 American

Jurisprudence 2d (1966), Easements and Licenses, Section 61. The law presumes that an owner of property knows the condition and status of his land. Thus, an owner is charged with the knowledge that a party is openly and notoriously occupying his property where that occupancy is plainly visible to him. *Fitzgerald v. Brenaman* (1915), 17 Ohio N.P. (N.S.) 515, 520.

The record indicates that the use of the disputed property was not concealed and was clearly visible not only to Martinez and previous owners of her property, but to the community at large. The trial court was correct in finding an open and notorious use of the western two feet of the Martinez property.

In addition to being open and notorious, a use must be continuous for a twenty-one-year period to ripen into a prescriptive easement. The record indicates that the driveway was used on a daily basis since 1960 by either Hindall or her predecessor in interest. The trial court aggregated or "tacked" appellee's adverse use with her predecessor's adverse use to satisfy the twenty-one-year continuous-use requirement. In order to tack adverse uses, it must be established that (a) the party and her predecessor are in privity, (b) the property was sequentially and continuously used, (c) the property was used in the same or similar manner, and (d) that the use was open, notorious, and adverse to the title holder's interest. *McNeely v. Langan* (1871), 22 Ohio St. 32, 37. See, also, *Zipf v. Dalgarn* (1926), 114 Ohio St. 291, 296, 151 N.E. 174, 175–176. As most of these elements are the same as those necessary to a prescriptive easement and have been or will be discussed, we need only address the element of privity. Privity is the mutual or successive relationship to the same rights of property. Black's Law Dictionary (5 Ed.1979) 1079. The record clearly reflects that appellee purchased her home from Dallas Gary, who purchased and first occupied the property, including the driveway, in 1960.

Finally, the use of the property must be adverse to the title holder's interests to ripen into a prescriptive easement. A use is adverse where one uses a way over the land of another, without permission, as a way incident to his own land and continues to do so with the knowledge of the owner. Such use is of itself adverse. *Manos v. Day Cleaners & Dyers, Inc.* (1952), 91 Ohio App. 361, 363, 48 O.O. 455, 456, 108 N.E.2d 347, 349. See, also, *Butcher, supra.* However, use is not adverse where the use is by permission or accommodation of the owner. *Manos, supra,* 91 Ohio App. at 363, 48 O.O. at 456, 108 N.E.2d at 349.

Martinez argues that the use of the western two feet of her property was permissive and that Hindall used the property believing such permission

had been granted. Martinez bases this argument on conflicting testimony given at trial. The trial court, as trier of fact, resolved this conflict finding no grant of permission to use the disputed property. Since the record contains credible evidence to this effect, we affirm this factual finding. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1277; *Dickman v. Moore* (1961), 114 Ohio App. 243, 244, 19 O.O.2d 113, 113, 176 N.E.2d 604, 605.

The evidence in the record before us is sufficient to support the trial court's finding that both Hindall and her predecessor used the land adversely to the interests of Martinez and her predecessors in title. Tacking was, therefore, proper.

Because there is sufficient credible evidence in the record to support the trial court's finding that Hindall established by clear and convincing evidence the elements necessary to acquire a prescriptive easement, appellant's first, second, and third assignments of error are not well taken and are overruled.

Appellant asserts as her fourth assignment of error:

"The trial court erred in finding that the denial of the use of defendant's western two (2) feet of property to plaintiff would cause plaintiff substantial hardship."

Hardship or necessity of use is not a necessary element of a prescriptive easement and is, therefore, irrelevant to the judgment entered by the trial court. For this reason and for the further reason that there is evidence in the record to support the finding, the fourth assignment of error is also overruled.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.