Mark D. Metts and Susan B. Metts appeal the judgment of the Athens County Court of Common Pleas quieting title of disputed property to Robert and Susan Grinstead. On appeal, the Metts contend that the trial court erred in quieting title to the Grinsteads because the petitioners who dedicated an easement for a public right-of-way intended that the road cross the disputed property. We disagree, because competent, credible evidence shows that the petitioners intended the right-of-way to follow the road's present course. The Metts also argue that the public established an easement for a right-of-way by prescription. We disagree, because competent, credible evidence shows that the public did not adversely and continuously use the land for twenty-one years. Finally, the Metts assert that they obtained a private prescriptive easement. We disagree, because competent, credible evidence shows that the Metts did not adversely and continuously use the disputed land for twenty-one years.
Accordingly, we affirm the decision of the trial court.
 I.
The Grinsteads and Jeffrey and Karen Sawyer ("the Grinsteads") own land in Farm Lot 2, Section 33, in Alexander Township that, for the most part, lies directly north of County Road 70 ("the road") and next to land owned by the Metts, Farm Lot 3. The road has a right-of-way of forty feet. Generally, twenty feet of the road's right-of-way is north of its center line and on the Grinsteads' property, and twenty feet of its right-of-way is south of its center line and on the Metts' property. However, at a stream that crosses the parties' property, the road transverses entirely onto the Grinsteads' property, six feet from the Metts' property line.
The Metts recently subdivided their property into Meadowbrook Heights Subdivision, Phase I. Most of the lots that share the Grinsteads' property line enjoy direct access to the road. However, four of the lots abut the property line where the road veers entirely onto the Grinsteads' property. The four lots do not enjoy direct access to and from the road without trespassing across the Grinsteads' property. The Grinsteads trespassing across the Grinsteads' property. The Grinsteads filed an action to quiet title to the land. The Metts answered and counterclaimed, arguing that the public enjoyed a prescriptive easement to the road or, alternatively, that the Metts had a private prescriptive easement.
At the bench trial, the Metts introduced evidence that in 1844 a group of land owners, including Hull Foster, predecessor in title to the Metts, filed a petition with the Board of Commissioners of Athens County. The petition requested the county to alter the Jackson and Coolville Road "commencing at two certain oak trees on the north side of Hull Foster's farm in Alexander Township, thence running on a west line to intersect with the graded road leading from Parkersburg to Chillicothe at a certain stake in Lee Township." Pursuant to the petition, the county altered the road.
In 1845, the county surveyed the road. The survey showed the forty-foot-wide road twenty feet on either side of the surveyed centerline traveling in a general east-west direction. At a stream traversing Farm Lots 2 and 3, the road veered north, crossed the stream, then returned to its original course.
In 1964, the county summarized old surveys for quick-reference purposes. The summary for the 1845 survey states that the forty-foot-wide road ran "along the line between tracts three and two of [section] 33 to the [township] line."
Eugene Triplett and Chuck Canter, surveyors, opined that: they could not determine the location of the oak trees described in the 1844 petition, the original 1845 survey provided a more accurate description of the road than the summary, and the county had not moved the road since its original construction. Triplett also theorized that the road transverses entirely onto the Grinsteads' property because in the nineteenth century, engineers routinely designed roads to cross streams at ninety-degree angles.
John Hamill sold Farm Lot 3 to the Metts. He testified that when he owned the lot, he mowed the disputed piece of land and installed a driveway across it. Hamill acknowledged that he knew that the Grinsteads owned the land and told the Metts of the Grinsteads' interest when they purchased Farm Lot 3 from him in the early-1980's. After purchasing the property, the Metts constructed a new driveway entirely on their property and ceased using the driveway built by Hamill. The Metts planted a garden and fruit trees partially on the disputed land.
The trial court quieted title to the Grinsteads. In its judgment entry, the trial court found that the Metts did not prove that: (1) the 1844 petition positioned the road's right-of-way on the Metts' four landlocked lots, or (2) their use of the disputed property gave them a prescriptive easement. The Metts appeal, asserting the following assignments of error:
 I. THE TRIAL JUDGE ERRED IN GRANTING THE REQUEST TO QUIET TITLE AS THE GENERAL PUBLIC ENJOYED A PRESCRIPTIVE EASEMENT ACROSS THE DISPUTED STRIP OF LAND UNDER A COLOR OF TITLE THEORY.
 II. THE TRIAL JUDGE ERRED IN QUIETING TITLE TO THE DISPUTED STRIP AS THE ELEMENTS OF PRESCRIPTIVE EASEMENT WERE PROVEN.
 II.
In both of their assignments of error, the Metts contend that the trial court's judgment was against the manifest weight of the evidence. A presumption that the findings of the trial court are correct must guide an appellate court, since the trial court can view the witnesses and weigh the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, an appellate court will not reverse the trial court's decision for being contrary to the manifest weight of the evidence if the judgment is supported by some competent, credible evidence going to the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 III.
In their first assignment of error, the Metts contend that the 1844 petition provides sufficient evidence to show that Hull Foster and the other land owners intended to dedicate a straight east-west easement for the road's right-of-way. Alternatively, the Metts assert that the public established an easement by prescription across the Grinsteads' property.
 A.
An easement is an interest in the land of another that entitles the owner of the easement to a limited use of the land in which the interest exists. Parrett v. Penn Cent. Corp. (July 27, 1987), Pickaway App. No. 86CA17, unreported, citing Szarazv. Consol. RR. Corp. (1983), 10 Ohio App.3d 89. Land owners may establish an easement for a public road right-of-way by petitioning the county to create or modify a road and dedicating the lands for the road. See R.C. Chapter 5553;Campbell v. Great Miami Aerie No. 2309, Frat. Order of Eagles
(1984), 15 Ohio St.3d 79. When dealing with a general dedication of a right-of-way which does not specifically describe location, courts will imply a path that is reasonable to accomplish the purposes of the easement. Munchmeyer v.Burfield (Mar. 26, 1996), Washington App. No. 95CA7, unreported. Courts will construe the words of the petition for the dedication in a manner which gives effect to the reasonable intent of the parties, as deduced from the words employed and applied to the circumstances surrounding the parties. Hieatt v.Morris (1860), 10 Ohio St. 523, 529. Use, whether existing at the time of the easement's creation or commencing after its execution, is considered strong evidence of the intended location and dimensions of the easement. Munchmeyer, supra.
Neither the 1844 petition nor the public's use of the road in the years following its construction establish that the petitioners intended the road to lie in a straight east-west line. The 1844 petition specifically states that the parties intended the road to commence between two oak trees. Both Triplett and Canter testified that they cannot determine the location of the trees. They also agreed that the county had not moved the road since the 1845 survey. As such, neither Triplett nor Canter could ascertain the exact location of the dedication from the language of the petition.
The circumstances surrounding the construction and use of the road show that the course of the road effectuated the intent of the petitioners to provide access to and from Farm Lot 3. Neither Hull Foster nor any other petitioner contested the location of the road or attempted to revoke their dedication of the land. See R.C. Chapter 5553. After the construction of the road, the public, including Hamill and Metts, used it to their benefit. Rather than using the driveway built by Hamill, the Metts constructed a driveway to the road on their property. Access to the road from Farm Lot 3 became restricted only after the Metts subdivided part of the lot. These facts provide competent, credible evidence to support the trial court's decision that the petitioners intended to dedicate an easement for a right-of-way that follows the road's present course.
 B.
The Metts also argue that the public acquired a prescriptive easement by virtue of color of title derived from the 1964 summary and through their use tacked to Hamill's use of the land.
To establish a prescriptive easement, a claimant must show by clear and convincing evidence an open, notorious, adverse, and continuous use of the disputed property for twenty-one years.Keish v. Russell (Sept. 11, 1996), Athens App. No. 95CA1686, unreported, citing J. F. Gioia, Inc. v. Cardinal American Corp.
(1985), 23 Ohio App.3d 33, 36. Once the claimant establishes all of the elements for a prescriptive easement, the landowner may present evidence of permissive use to rebut the adverse nature of the claimant's use. McInnish v. Sibit (1953),114 Ohio App. 490, 493.
To be adverse, the claimant must use the land without the owner's permission. Lane v. Kennedy (1861), 13 Ohio St. 42, 45. Color of title may show that the claimant's use of the land is adverse to the ownership rights of the owner. Montieth v. TwinFalls United Methodist Church, Inc. (1980), 68 Ohio App.2d 219,221-222. Color of title requires some indicia of title to the property, usually by a document. See, e.g., Humphries v.Huffman (1878), 33 Ohio St. 395. Whether various uses are adverse or permissive use of land depends upon the unique facts and circumstances of the particular case. Grace v. Koch (Oct. 9, 1986), Hamilton App. No. C-950802, unreported; Houser v.Proctor (Feb. 15, 1991), Erie App. No. E-89-58, unreported.
In order to show he continuously used property for twenty-one years, a claimant may "tack" his adverse use with a predecessor in title. Hindall v. Martinez (1990), 69 Ohio App.3d 580, 584. To tack a predecessor's adverse use, the claimant must establish that (1) he and the predecessor were in privity; (2) they equitably and continuously used the disputed property; (3) in the same or a similar manner; and (4) the use was open, notorious, and adverse to the title holder's interest in the land. Id.
After reviewing the record, we find that the Metts failed to produce clear and convincing evidence that the public adversely and continuously used the Grinsteads' land to access their land for twenty-one years. While the 1964 document shows some indicia of a title to an easement, Hamill testified that he initially asked permission to mow the disputed property, the Metts knew that the Grinsteads owned the property, and that the Metts abandoned the driveway soon after purchasing the property in the early-1980's. Although the Metts planted a garden and fruit trees on part of the Grinsteads' property, the Metts' use of the land was not similar to Hamill's use, i.e., use as a right-of-way for ingress and egress to the road. As such, we find competent, credible evidence to support the trial court's determination that the Metts failed to prove, by clear and convincing evidence, that the public attained a prescriptive easement across the Grinsteads' property.
Accordingly, we overrule the Metts' first assignment of error.
 III.
In their second assignment of error, the Metts contend that they established a private prescriptive easement by tacking their use of the land with Hamill's use of the land. As stated,supra, Hamill testified that he received permission from Grinstead to mow the property, but not to build the driveway. The Metts knew that the Grinsteads owned the property when they purchased it. Shortly thereafter, the Metts abandoned the driveway Hamill built across the property, building another driveway on another part of Farm Lot 3. The Metts planted fruit trees and a garden on part of the property. However, they did not show that they used the land as ingress or egress to the road. Thus, the Metts failed to show that they adversely used the disputed property in a manner similar to and continuous with Hamill's use. As such, we find competent, credible evidence to support that the trial court's finding that the Metts did not have a prescriptive easement.
Accordingly, we overrule the Metts' second assignment of error and affirm the decision of the trial court.
 IV.
In conclusion, we find that the record contains competent, credible evidence to show that: (1) the road follows the course intended by the petitioners; and (2) neither the public nor the Metts established a prescriptive easement across the Grinsteads' property.
Accordingly, we affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Stephenson, P.J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.