Plaintiff-appellant Dale L. Williams appeals the June 11, 1998, Judgment Entry of the Licking County Court of Common Pleas granting Summary Judgment in favor of defendants-appellees Bradley A. Phillips, Donna Elaine Phillips and Carol Ann Ferguson.
 STATEMENT OF THE FACTS AND CASE
Appellant, since 1970, has owned a tract of land located in Perry Township, Licking County, Ohio, which is approximately 640 feet south of SR 40. Appellees Bradley Allen Phillips and Donna Elaine Phillips are owners of a tract of land which is north of and adjoining to the real estate owned by appellant. Appellee Carol Ann Ferguson owns property east of and adjoining to the property owned by the Phillips. Since his property does not have direct access to SR 40, appellant, in order to access his property, has used a path leading from SR 40 across appellees' property.
Since he purchased the property in 1970, appellant has never resided there. Appellant, however, until his last visit to the property in approximately 1991, visited the property intermittently, spending an average of three (3) to four (4) days at a time on the property. From 1970 until 1973, appellants' property was farmed by Harold Hupp, a nearby neighbor who is the son of the man from whom appellant bought the farm. Hupp crossed appellees' property several times per year with his farm equipment. Hupp may have also brought his farm equipment to appellant's property through a lane that crossed the neighboring Hauman family's property. This lane accesses Township Road 328 which accesses SR 40. The appellant has been able to access SR 40 via Township Road 328 since he purchased his property. From 1970 to 1973, appellant visited the property frequently during the summer months spending a weekend there every two (2) to three (3) weeks. Since 1973, appellant's property has been used periodically, with appellant's permission, by deer hunters, and also by utility companies and a timber company.
After a realtor hired by appellant was denied access to appellant's property via the path through appellees' property, appellant, on July 28, 1997, filed a complaint against appellees. Appellant, in his Complaint, alleged that he had established an easement by prescription or by necessity over appellees' real estate to and from Route 40. Appellees, on September 24, 1997, filed answers and counterclaims for trespass to which appellant timely replied. On March 27 1998, appellees filed a joint Motion for Summary Judgment. Appellant, on April 24, 1998, filed a memorandum contra appellees' joint motion. Appellees filed a reply brief on May 1, 1998.
Pursuant to a Memorandum of Decision filed on June 3, 1998, the trial court granted appellees' motion. A Judgment Entry memorializing the court's decision was filed on June 11, 1998. It is from the June 11, 1998, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AND APPELLEES WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 STANDARD OF REVIEW
Summary judgment
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ. R. 56(c) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1966), 75 Ohio St.3d 280.
It is based upon this standard we review appellant's assignment of error.
 I
Appellant, in his single assignment of error, argues that the trial court erred in granting appellees' Motion for Summary Judgment because there are genuine issues of material fact as to whether appellant has obtained an easement by prescription or by necessity.
Under Ohio law, in order to obtain a prescriptive easement, a landowner using adjacent property must prove by clear and convincing evidence that such use was open, notorious, adverse to the neighbor's property rights, continuous and in place for at least twenty one years. Hindall v. Martinez (1990), 69 Ohio App.3d 580,583, citing J. F. Gioia, Inc. v. Cardinal AmericanCorp. (1985), 23 Ohio App.3d 33, 37. The party claiming a prescriptive easement has the burden of proving by clear and convincing evidence each of the elements. McInnish v. Sibit
(1953), 114 Ohio App. 490. The trial court, in its Memorandum Decision, found that while appellant's use of the property was open and notorious, appellant could not satisfy the remaining elements.
Assuming, arguendo, that appellant's use of the path through appellees' property was adverse, the court finds that appellant has failed to prove by clear and convincing evidence that such use was continuous and uninterrupted for a twenty one year period as required for a prescriptive easement. Appellant, during his deposition, testified that he had not rented the property since 1973 and that since such time, other than himself, only deer hunters, utility companies and a timber company had been on the property. Testimony was also adduced to the effect that appellant's agent had been denied access to the property in 1991 and that, from 1976 through 1978, appellant had a dispute with appellee Bradley Allen Phillips about the use of the lane. Moreover, appellant further testified that he had not visited the property since 1991 and that his agents have only intermittently used the path. When asked during his deposition, appellant stated that he was unaware that there was a 500 gallon propane tank and a grape arbor in the area of the access easement. Thus, even construing the evidence in appellant's favor, reasonable minds could not find that appellant's use was continuous for twenty one years.
However, appellant argues that he is entitled to tack his adverse use with that of his predecessor to satisfy the twenty one year continuous use requirement. "In order to tack adverse uses, it must be established that (a) the party and her predecessor are in privity, (b) the property was sequentially and continuously used, (c) the property was used in the same or similar manner, and (d) the use was open, notorious, and adverse to the title holder's interest." Hindall, supra, Id. at 584, citing McNeely v. Langan (1871), 22 Ohio St. 32, 37. Privity has been defined as "the mutual or successive relationship to the same rights of property." Id.
Appellant, in support of his contention that there is an issue of fact as to whether or not his use was continuous, submitted the affidavit of Harold Hupp to the trial court. Hupp, in his affidavit, stated, in part, that: (1) his parents owned the subject property from 1952 until they sold the same to appellant in 1970, (2) that he farmed the property until 1973 and (3) that "he personally, for over 20 years and until 1973, traversed said lane with farm equipment several times a year." Appellant, therefore, seeks to tack his predecessor's use from 1952 until 1970 with appellant's use from 1970 until 1973 to satisfy the twenty one year requirement. However, appellant still cannot establish that the use of the property continued uninterruptedly for twenty one years. Hupp, in his affidavit, states that for over twenty years and until 1973, he personally had traversed the lane with farm equipment "several times a year". Thus, unlike in Hindall, supra, there is no evidence that the lane was used on a regular basis for the requisite twenty one year period of time. Hupp's affidavit, therefore, does not help appellant since a claim of adverse use for over twenty years is insufficient to satisfy the twenty one year period. Even if the issue of tacking is considered, appellant did not prove by clear and convincing evidence the elements for a prescriptive easement.
The court finds, therefore, that since there were no genuine issues of material fact in dispute, the trial court did not err in holding that appellant's claim for a prescriptive easement could not succeed and in granting summary judgment to appellees on such claim.
Appellant also claims entitlement to an easement by necessity. "An implied easement or way of necessity is based upon the theory that without it the grantor or grantee, as the case may be, cannot make use of his land." Trattar v. Rausch
(1950), 154 Ohio St. 286, 293. Such an easement will not be implied where the claimant has another means of ingress or egress to and from the property, regardless of whether it is less convenient and more expensive to make the way functional.Id.
The trial court, in granting appellees' motion for Summary Judgment as to appellant's claim for an easement by necessity, held that an alternative means of access to appellant's property was available. In so ruling, the trial court apparently was relying on appellant's deposition testimony in which he stated that since 1970, there has been access to his property from Honda Hills Road (Township Road 328), which itself is accessed from SR 40. However, appellant, in order to use the alternative means, must traverse property that is currently owned by the Haumans. Appellant has testified that he has no written agreement or written easement with the Haumans. Whether or not appellant has an easement by necessity or a prescriptive easement over the Haumans' property was neither raised by the parties nor addressed by the trial court. If the appellant has been crossing the Hauman's land because, and only because, the Haumans have granted permission, then the appellant could lose this access if the Haumans withdraw their permission or the Haumans transfer their land to someone else. This court, therefore, finds that the trial court erred in granting summary judgment to appellees on appellant's claim for an easement by necessity over appellees' property since there is a genuine issue of material fact in dispute as to whether appellant, in fact, has an alternative means of access to his property.
Appellant's first assignment of error is granted in part and overruled in part.
This matter is remanded to the trial court for proceedings consistent with this opinion.
By Edwards, J., Hoffman, J. concurs.
Wise, P. J. dissents.
---------------------------
---------------------------
 --------------------------- JUDGES