DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, which quieted title to a ten foot strip of property in plaintiffs-appellees, Jane Hemminger, Janet Comer and Sandra Walter. Defendants-appellants, Carl W. Tilton, Violet June Tilton, Julia T. Roberts, Bradley J. Roberts and Cindy L. Weaver, appeal that judgment and assert the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN DENYING THEIR MOTION FOR DISMISSAL OF PLAINTIFFS' COMPLAINT AND ENTERING JUDGMENT ON THE GROUNDS THAT PLAINTIFFS HAD NOT ESTABLISHED BY REQUISITE PROOF THAT THEY AND THEIR PREDECESSORS IN TITLE HAD BEEN IN ACTUAL, OPEN AND NOTORIOUS EXCLUSIVE POSSESSION OF THE SUBJECT REALTY FOR AT LEAST 21 YEARS."
"ASSIGNMENT OF ERROR NO. 2
 "THE TRIAL COURT'S JUDGMENT THAT PLAINTIFFS HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT THEY AND THEIR PREDECESSORS IN TITLE HAD BEEN IN ACTUAL, OPEN AND NOTORIOUS, EXCLUSIVE AND ADVERSE HOSTILE POSSESSION OF SUBJECT REALTY FOR A CONTINUOUS PERIOD OF AT LEAST 21 YEARS; WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THAT SAID JUDGMENT WAS PREJUDICIAL TO DEFENDANTS-APPELLANTS."
In 1955, Clarence and Mabel Tilton purchased Lot Nos. 12, 15, 16, 21 and 22 in Gem Beach Plat II, Catawba Island Township, Ottawa County, Ohio. Lot Nos. 15 and 16 lie due south of and adjoin Lot Nos. 21 and 22. Lot 12 is south of and abuts Lot Nos. 15 and 16. In 1956 and 1957, the Tiltons sold Lot Nos. 21 and 22 to two different purchasers. The deeds to Lot Nos. 21 and 22 each contained a clause that excepted "a strip of land ten (10) feet in width off of the south side thereof." Each conveyance following the 1956 and 1957 sale of the two lots included this same exception.
In 1968, Clarence Tilton conveyed Lot Nos. 12, 15 and 16 to his wife, Mabel. In 1972, Mabel sold the property to Ann Lucik, who, in 1982, sold it to Park and Natalie Anderson. In 1984, the Andersons deeded the property to their three daughters, the appellees in this case. None of the deeds issued in these successive conveyances reflected the 1956 and 1957 addition of the ten foot wide strip along the north line of the property.
In March 1998, appellees commenced the instant action against appellants, the descendants of Clarence and Mabel Tilton. Appellees contended that they were entitled to title to the ten foot strip of land on the north border of Lot Nos. 15 and 16 under the doctrine of adverse possession. After a trial to the bench, the trial court entered judgment in favor of appellees. The court determined that appellees demonstrated adverse possession of the disputed property by clear and convincing evidence.
While appellants set forth two assignments of error, they present only one argument in their brief. Thus, both of appellants' assignments of error shall be considered together. The essence of appellants' argument is that the trial court's judgment is against the manifest weight of the evidence because appellees failed to offer clear and convincing evidence on each element of adverse possession during the period when Ann Lucik owned Lot Nos. 12, 15 and 16, that is, from 1972 to 1978.
To acquire title by adverse possession, the party claiming title must show, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Grace v. Koch (1998),81 Ohio St.3d 577, syllabus. In order to establish that he or she continuously used the property for twenty-one years, a claimant may "tack" his adverse use with a predecessor in title with whom he or she is in privity. Hindall v. Martinez (1990), 69 Ohio App.3d 580,584.
At the trial of this case, Carl Tilton, the seventy-six year old son of Mabel and Clarence, testified that when his parents owned Lot Nos. 12, 15, and 16, they used the ten foot strip as a driveway and to park cars and boats and that they put a septic tank in the strip. He also stated that the property was enclosed by a fence and that the ten foot strip was included in that enclosure. Tilton acknowledged that the ten foot strip was not included in either his father's or mother's estate and that he had not used the ten foot strip since its sale in 1972. The evidence revealed the owners of Lot Nos. 12, 15 and 16 paid the property taxes on the strip from at least 1978 until the time of the trial on this matter.
Sandra Walter stated that when her parents purchased the property in 1982, an "old heavy wire" fence was around the property and included the ten foot strip. There was also a septic tank in the strip. Walter and her sisters put up a clothes pole in the strip, parked cars on the strip, their children played ball there and they mowed the grass growing on the ten foot strip. In addition, Walter noted that there was a concrete pad with a picnic bench on the disputed property. Janet Comer confirmed her sister's testimony.
In a case where a fence is erected and the property on one side of the fence is treated as the landowner's own, there is generally little question that the possession is exclusive and the use of the land is open, notorious and adverse to the interest of the record owner. Glaser v. Bayliff (Jan. 29, 1999) Miami App. No. 98-CA-34, unreported; Rader v. Brock (Oct. 13, 1997), Preble App. No. CA97-03-007, unreported. Keeping in mind that in deciding whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must "be guided by a presumption that the findings of the trier-of-fact were indeed correct,"Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, we find that there was some clear and convincing evidence from which the trial court could reasonably infer that the fence enclosing the disputed strip of land with Lot Nos. 12, 15 and 16 was in place for over twenty-one years. Further, based on the testimony of two of the appellees and Carl Tilton, the court could reasonably infer possession and other open, notorious, adverse uses, e.g. the existence of a septic tank, of the ten foot strip for the requisite period. Accordingly, we find the trial court's judgment is not against the manifest weight of the evidence, and appellants' Assignments of Error Nos. 1 and 2 are found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
 ______________________ Melvin L. Resnick, J.
James R. Sherck, J., Mark L. Pietrykowski, J., Concur.