OPINION
Defendants-appellants, Royal A. Schiller (appellant) and his wife, Susan G. Schiller (Susan), appeal from the judgment of the Columbiana County Court of Common Pleas determining that plaintiff-appellee, Chappell Zimmerman, Inc., has a prescriptive easement across appellant's property.
Appellant and appellee own adjacent real estate. Appellee has owned its property on which it operates its concrete business since 1959. Pennzoil Company and then Pennzoil Products Company (Pennzoil) originally owned appellant's property (the Pennzoil property) and operated an oil company on it. In 1972, Pennzoil leased its property to Richard Fletcher (Fletcher) who also ran an oil business on the land. Fletcher closed his business in 1985 and his lease expired. Appellant, along with Peter Whitaker (Whitaker), bought the Pennzoil property in 1987. In 1998, appellant bought Whitaker's share of the Pennzoil property and is now the sole owner. Appellant's wife's only interest in the land is by way of being married to appellant. Appellant leases the land to a used car business and has storage buildings on the property.
The Pennzoil property fronts on Lincoln Avenue while appellee's property fronts on Olive Street. A dirt and gravel road runs along old railroad tracks from Lincoln Avenue across the Pennzoil property to appellee's property. Appellee has used this road since 1960 for ingress and egress of its heavy equipment, supply delivery, and rubbish removal.
After appellant acquired sole ownership of the Pennzoil property, a dispute arose when appellee began preparations to pave the road. Appellant prevented appellee from using the road on several occasions by using his truck to block it off.
On May 31, 2000, appellee filed a complaint against appellant and Susan to establish its right to a prescriptive easement across the Pennzoil property. The court held a bench trial and determined in its April 30, 2001 judgment entry that appellee established its right to a prescriptive easement by clear and convincing evidence. Appellant and Susan filed their timely notice of appeal on May 17, 2001.
Appellant asserts five assignments of error. Appellant's first, second, fourth, and fifth assignments of error make the same assertion, thus, they will be addressed together. Appellant's first, second, fourth, and fifth assignments of error respectively state:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED PLAINTIFF AN EASEMENT BY PRESCRIPTION WHEN THE PLAINTIFF'S USE OF SUBJECT ROADWAY WAS NOT ADVERSE."
 "THE COURT ERRED AS A MATTER OF LAW WHEN IT FOUND A PRIMA FACIE CASE OF ADVERSITY WHEN, IN REALITY, THE PLAINTIFF/APPELLEE PRESENTED NO EVIDENCE OF ADVERSITY."
 "THE COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED AN EASEMENT BY PRESCRIPTION WHEN THE USE OF THE ROADWAY WAS NOT ADVERSE FOR A PERIOD OF 21 YEARS."
 "THE TRIAL COURT ERRED BY MAKING PRESUMPTIONS FAVORING DESSEIZIN, UNILATERALLY RAISING THESE PRESUMPTIONS TO THE LEVEL OF EVIDENCE AND THEN FINDING THIS `EVIDENCE' TO BE CLEAR AND CONVINCING."
Appellant basically argues that the trial court's judgment is against the manifest weight of the evidence. Appellant argues that appellee bore the burden of proof in this case and that the trial court made improper presumptions in appellee's favor. He disputes the court's findings and argues that they do not support the judgment.
Appellant claims that appellee failed to present any evidence that its use of the road was adverse. He asserts that the trial court erred in placing the burden on him to show that appellee's use of the road was permissive. Appellant claims that appellee proved only that it used the road and this evidence does not give rise to a claim of right to use the road. Appellant also claims that his predecessors on the Pennzoil property gave appellee permission to use the road. He further asserts that appellee did not present any evidence of hostility.
In reviewing the decision of the trial court as to whether the requirements of a prescriptive easement have been established, this court follows the principle that a judgment supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. Willettv. Felger (Mar. 29, 1999), Columbiana App. No. 96-CO-40, unreported, 1999 WL 182510 *3; Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226. Furthermore, in considering whether the judgment is against the manifest weight of the evidence, it is important that this court be guided by a presumption that the findings of the trier of fact are correct. SeasonsCoal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. If the evidence is susceptible to more than one interpretation, we must construe the evidence consistently with the trial court's judgment. Gerijo, supra.
In order to establish an easement by prescription, a claimant must show, by clear and convincing evidence, a use of the disputed property that is: (1) open; (2) notorious; (3) adverse; and (4) continuous for twenty-one years. Coleman v. Penndel Co. (1997), 123 Ohio App.3d 125,130.
As to elements one, two, and four, there does not appear to be any dispute that appellee has met these requirements. To meet the "open" requirement, the use of the disputed land must be without attempted concealment. Hindall v. Martinez (1990), 69 Ohio App.3d 580, 583. Appellee's concrete trucks, boom trucks, supply trucks, and garbage trucks travel the road six days a week as their main thoroughfare. Such use is obviously open. To meet the "notorious" requirement, the use of the land must be known to the owner of the land or to someone who might reasonably be expected to inform the owner of the use. Id. Pennzoil, appellant's predecessor in ownership, was aware of appellee's use of the road, which demonstrates that appellee's use was notorious. As to the "continuous for twenty-one years" requirement, appellee has used the road continuously since 1960, well in excess of the required amount of time. Appellant even conceded to these elements in his motion for summary judgment. Appellant stated, "With minor exceptions, plaintiff has used the roadway continuously since 1958 or `59, well in excess of the required 21 years. With regard to open and notorious, it is hard to imagine anything more open and notorious tha[n] 80,000 pound cement trucks rumbling across ones back yard." (Appellant's March 8, 2001 Motion for Summary Judgment).
Accordingly, this case turns on whether appellee's use of the road has been adverse. Hostile or adverse use is any use inconsistent with the rights of the owner. Vanasdal v. Brinker (1985), 27 Ohio App.3d 298,298. "A use is adverse where one uses a way over the land of another, without permission, as a way incident to his own land and continues to do so with the knowledge of the owner." Hindall, 69 Ohio App.3d at 584. A use is not adverse when the use is by permission or accommodation of the owner. Id.
Appellee, as the claimant, must prove a prima facie case of adverse use of the road before appellant is required to rebut appellee's claim.Goldberger v. Bexley Properties (1983), 5 Ohio St.3d 82, 84. The evidence set forth below reveals that appellee proved such a case. Appellant argues that Pennzoil and Fletcher granted appellee permission to use the road. The Ohio Supreme Court has held that where the owner of the servient estate claims that the use of the dispute land was permissive, he bears the burden of proving it. Pavey v. Vance (1897), 56 Ohio St. 162, paragraph one of the syllabus. "[A] use does not necessarily become permissive simply because the property owner does nothing to prevent it out of indifference, laziness, acquiescence, or `neighborly accommodation.'" Shell Oil Co. v. Deval Co. (Sept. 24, 1999), Hamilton App. Nos. C-980783 and C-980809, unreported, 1999 WL 741814 *4, citingGerstenlager v. Lloyd (Feb. 15, 1995), Summit App. No. 16814, unreported, 1995 WL 66284.
At trial, the parties presented the following evidence. Evelyn Hoch (Hoch) was the office manager for the Pennzoil bulk plant from 1940 until 1964 where she was involved in the day-to-day business of the company. She stated that she was not aware of any agreement between Pennzoil and appellee concerning the use of the road. Hoch also testified that Pennzoil was aware that appellee was driving its trucks across the road and Pennzoil never objected.
Ned Chappell (Chappell), appellee's former owner and current president, testified that appellee has been using the road continuously, six days a week, since in 1960. Chappell testified that he originally believed that appellee had an agreement with Pennzoil to use the road but later realized he was mistaken. He stated that he searched appellee's corporate records but could not find any indication of an agreement with Pennzoil. He also testified that he was never involved in any negotiations regarding the use of the road. Chappell stated that appellee maintained the road as a good neighbor policy by filling holes and oiling it down. Finally, Chappell testified that there is no agreement, verbal, written, or otherwise regarding the use of the road.
Appellant did present some evidence that appellee had permission from Pennzoil to use the road; however, this evidence was rebutted by appellee. Appellant testified that Chappell told him that appellee had made an agreement with the manager of Pennzoil whereby Pennzoil would allow appellee to use the road in exchange for appellee maintaining the road and purchasing Pennzoil products. In rebuttal to appellant's testimony, Chappell testified that appellee never made an agreement with Pennzoil to buy its products and maintain the road in exchange for the right to travel across the road.
Fletcher, Pennzoil's lessee from 1972-1985, was not available for the trial so the court admitted his deposition as evidence. In his deposition, Fletcher testified that he, appellee and a Mr. Wukotich, who also leased part of the Pennzoil property, all shared in the maintenance for the road. He testified that this maintenance had nothing to do with any agreement to use the road. Fletcher testified that he, appellee and Wukotich maintained the road as part of a "neighborly accommodation."
Fletcher had provided appellant with his affidavit in which he stated that he had made an agreement with Robert Chappell (Ned Chappell's son and appellee's part owner) in which he agreed that if appellee maintained the road appellee could use it. However, Fletcher testified that he never told appellee that if it did not maintain the road he would not permit them to use it. He also testified that a Pennzoil representative informed him that Pennzoil owned the road.
It appears from the above cited testimony that appellee proved that its use of the road was adverse. Appellee proved that it used the road over the Pennzoil property, without permission, as a way incident to its own land and continued to do so with the knowledge of the owner (Pennzoil) for well over twenty-one years. Appellant failed to demonstrate that appellee ever had permission from Pennzoil to use the road.
Appellant also argues that appellee used the road under the belief that it had an agreement with Pennzoil to use it. He claims that since appellee believed it had permission to use the road, its use was not adverse. However, appellant's argument fails since, "[a]dverse use may be established even though the landowners are mutually mistaken as to the right to use the land." Keish v. Russell (Sept. 11, 1996), Athens App. No. 95CA1686, unreported, 1996 WL 530006 *5, citing Vanasdal, supra;McAllister v. Hartzell (1899), 60 Ohio St. 69, 91. Thus, it is irrelevant whether appellee believed it had permission to use the road.
The record contains competent, credible evidence to support the trial court's findings. Thus, appellant's first, second, fourth, and fifth assignments of error are without merit.
Appellant's third assignment of error states:
 "THE COURT ERRED WHEN IT FOUND THAT RICHARD FLETCHER, AS A LESSEE, COULD NOT GRANT PERMISSION TO CHAPPELL 
ZIMMERMAN (CZ) TO USE THE PENNZOIL OWNED ROADWAY."
Appellant argues that Fletcher, as the lessor of the property, had the authority to give permission to appellee to use the road.
A use of land is not adverse where the use is by permission or accommodation of the owner. Willett, 1999 WL 182510 at *4; Hindall,69 Ohio App.3d at 584. Fletcher was never the owner of the Pennzoil property; he merely leased the property from Pennzoil. Accordingly, Fletcher had no authority to grant permission to appellee to use the road. Furthermore, even if Fletcher had the authority to give appellee permission to use the road, he never actually gave it. Fletcher did state in his affidavit that he made an agreement with Robert Chappell that if appellee maintained the road, it could use the road. However, Fletcher testified that his statement was overzealous and that there was never a contingency on appellee that if they did not maintain the road they could not use it.
Thus, appellant's third assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.