**GLANDER et, Plaintiffs-Appellees v. MENDENHALL, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 604. Decided April 12, 1943.

Vernon L. Marchal, Greenville, and Howard J. Tillman, Greenville, for plaintiffs-appellees.

George W. Porter, Greenville, and James Thomas, Greenville, for defendant-appellant.

## OPINION

BY THE COURT:

The status of the appeal in this court is somewhat uncertain. The suit in the trial court was for an injunction mandatory and otherwise. The relief was granted to the plaintiffs in part as prayed for according to the judgment entry, and from this judgment appeal was noted as upon questions of law and fact. Thereafter an appeal bond was given. Up to this stage everything that was done by way of procedural steps for review was as upon appeal of questions of law and fact.

Succeeding the giving of the bond, a bill of exceptions was prepared, tendered to the trial judge, settled and allowed and filed in the trial court and with this court. Pursuant to the filing of the bill of exceptions an assignment of errors setting up six grounds thereof was filed in the appeal. It will be noted that all steps succeeding the giving of the appeal bond were those which are regularly associated with an appeal on questions of law. Thereafter, but long after rule day, if the appeal is upon questions of law, counsel for defendant-appellant filed their briefs. Thereafter a motion to dismiss the appeal for failure to file briefs within rule was made and overruled. In the entry journalizing the entry on the motions, counsel stipulated "that the transcript of evidence taken in the Common Pleas Court and filed in this cause, is a true and correct statement of

said testimony, and that said testimony shall constitute all of the evidence in this cause, and that said cause shall be submitted to this court on said transcript of evidence." Nothing further respecting the type of appeal is set out in this entry, and under its terms the appeal could be either upon questions of law or upon questions of law and fact.

The type of appeal in this court makes material difference in the approach to the questions presented. If an appeal on questions of law only, then we may review on the weight of the evidence only, if the judgment is manifestly against its weight. If the appeal is upon questions of law and fact, we consider all evidential questions originally, weigh the evidence and test its credibility, as though the cause arose in the first instance in this court.

So that we may meet our obligation which ever type of appeal is presented, we have considered the cause from both aspects.

The sole question for determination is whether or not the plaintiff had a prescriptive right to the use of a driveway between the properties of the plaintiffs and of the defendant, and extending from Walnut Street on the east to the York property on the west and running parallel with Third Street which is to the south of the claimed right-of-way.

On the evidence there can be no question, in fact it is conceded that the driveway has been in common use by the plaintiffs, their predecessors in title and the defendant and his predecessor for a number of years more than twenty-one. There is no substantial dispute although it is not conceded that the plaintiffs, their predecessors in title and those having business on their properties where they abutted the driveway, used the driveway for ingress and egress to and from said properties without any claim of consent or right granted from the defendant to so use the driveway. It is contended by the defendant that he was not cognizant of the adverse character of the user and that he was not able to distinguish between vehicles moving along the alley or driveway to and from the properties of the plaintiffs from those which were moving to and from the elevator and places of business of the defendant.

The trial judge held and we are required to hold that in view of the different types of business which were conducted by the plaintiffs and their predecessors in title on the lots and parts of lots involved, it is probable that the defendant was put upon notice throughout the requisite period of time to constitute a prescriptive right, that the driveway was being used adversely to his rights.

There can be no doubt that the use to which the plaintiffs and those who had business with them put the driveway was not exclusive, and that the defendant, at all times, used this alley in common with them and the plaintiffs. This common use, however, is insufficient to prevent the operation of the doctrine of prescriptive right as to an easement

when all the elements thereof are present.

The use to which plaintiffs put the driveway in question was not that which would be incidental to residential property, but was for business purposes and was frequent and extensive. Located upon the lots involved were buildings wherein was conducted the business of the American Express Company, operating numerous delivery wagons and moving into and out of the driveway, no doubt, many times each day, a saloon and a grocery with the attendant activities which are incidental to such businesses. So that the character of the use by the plaintiffs must have been obvious to the defendant.

We have been favored with the written opinion of Judge Klapp, who heard the case in the Court of Common Pleas, and might well be content to rest the judgment in this court upon that opinion. It is well considered and sound both upon the issues of fact and upon the propositions of law presented. We adopt it as a part of this decision.

. It is our judgment that whether this cause is heard upon appeal on questions of law or on questions of law and fact, the judgment of this court must be the same as in the trial court. Cause remanded.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

### APPLICATION FOR REHEARING

.No. 604. Decided May 21, 1943.

Maher & Marchal, Greenville, for plaintiffs-appellees.
George W. Porter, Greenville, and James Thomas, Greenville, for defendant-appellant.

BY THE COURT:

Submitted on appellant's motion for rehearing. The only question presented on the motion for rehearing which was not specifically discussed in our original opinion is, that we failed to give consideration to the question whether or not the defendant-appellant was entitled to a trial by jury and it is suggested that this question was entirely overlooked by the court, that the appellant at the commencement of the case in the Common Pleas Court objected to the jurisdiction of the court and asked for a trial by jury and that the motion was overruled.

There is striking similarity between the language which this court early employed in its opinion and the first paragraph in the argument of counsel for appellant in his brief at page 5. The language employed in the brief is as follows:

"The only issue in this case is whether or not the appellees have established a right of way or easement by **prescription.**"

The specific errors assigned at page 6 of appellant's brief are seven in number, no one of which is directed to the claim that the court erred in refusing to grant the appellant the right of a jury trial, unless it be No. 7, namely, that the court erred in overruling the motion of the appellant for a new trial. We examine the motion for a new trial which consists of five grounds, no one of which directly or indirectly assigns as a ground for granting the motion the ruling of the trial judge denying appellant the right to trial by jury. A reviewing court will not search for errors not specifically assigned. **McHugh v. State, 42 Oh. St., 154.** As a general rule errors not specifically assigned will be deemed waived by the party. Hornbeck & Addams Trial and Appellate Practice, Section 157, citing **McHugh v. State, supra,** and **Kilgore v. Emmitt, 34 Oh. St., 10.**

It is true that in the brief at page 8 thereof there is mention of two cases in one of which, Geyer v. Bell, 1 Dayton, 147, it is asserted broadly,

"That the question of adverse possession is to be determined by a jury."

and in the other, **Tudor Boiler Manufacturing Co., v. The I. & E. Greenwald Co., 5 C. C. (N. S.), 37,** first syllabus, that

"The issues of abandonment and adverse possession are peculiarly appropriate to an action at law and triable to a jury and where questions of title are involved, a court of equity will rarely assume the burden of determining them, even though equitable remedies are necessary."

It is then stated,

"The question of title by prescription in this case involves not only questions of law but questions of fact, which fact should be determined by a jury."

We discussed in our original opinion the uncertainty whether or not this appeal was presented in this court on questions of law or on questions of law and fact. If the appeal is on questions of law and fact and in our judgment under all the circumstances that is the form of the appeal, then appellant having elected to treat the action below as one in chancery may not be heard to say that it presented a jury question.

If, however, the appeal is on questions of law as counsel for appellant apparently elect to treat it in their brief then we have demonstrated that no error assigned reaches the question of the right of the appellant to a jury trial.

Finally, if the question now urged be considered, neither cited case is authority for the claim that in the instant suit the trial judge erred in treating the action as one in chancery and determining it without the intervention of a jury. Geyer v. Bell, supra, is so meager in its facts as that we cannot determine just what the form of action was. It is apparent, however, that a jury tried the cause and all that the court said in the opinion is, that one of the issues for the jury was that of adverse possession which was within its province to determine. In Tudor Boiler Manufacturing Co. v. The I. & E. Greenwald Co., supra, the first syllabus is as heretofore quoted but in the per curiam opinion, page 38, it appears that a majority of the court believed that the issue involved in the case ought not to be tried in a court of chancery. Then follows this significant language:

"We have no doubt that a court of equity has a right to entertain this action, but it does not follow that plaintiff can maintain the same as a matter of right, and we are not satisfied as to the propriety of the court entertaining it."

The authorities cited are not decisive authority to the effect that appellant in this case was entitled to a jury and that its denial was prejudicial error.

The action here clearly was for general injunctive relief, temporary and permanent, and was equitable in character. The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.