Sting et al., Appellees, *v.* Rothacker, Appellant.

(No. 444—Decided November 10, 1947.)

*Messrs. Hull & Hawk,* for appellees.
*Mr. Leo W. Kenny,* for appellant.

Conn, J. This is an action to quiet title and the case is here on an appeal on questions of law and fact from the finding and judgment in favor of plaintiffs in the trial court.

The parties are owners of resident properties located on the west side of Carbon street in the city of Fremont, Ohio, and which properties lie adjacent to each other. These properties are each improved for residence purposes, including driveways and garages. The total distance between the dwelling houses of the parties is between 15 and 16 feet and at different times each of the owners of these properties built cement sidewalks and driveways and finally, the entire space between the houses and extending from the front to the garages in the rear was completely paved.

It appears from plaintiffs' petition that the land in controversy is a strip of land 30 inches in width off

the south side of plaintiffs' property. However, the evidence discloses that the controversy relates to the joint use by the parties of a strip of land 26 inches wide off the south side of plaintiffs' property and extending from the street line thereof to the front line of the garages in the rear.

Prior to 1924, this 26-inch strip of land was unpaved and it lay between the south edge of the two-ribbon cement drive as then located on plaintiffs' lot and the north edge of the cement drive as then located on defendant's lot.

In the latter part of the year 1924, the defendant's predecessor in title laid cement in the 26-inch strip so that it formed a solid cement juncture with the north edge of the cement on defendant's property and the south edge of the cement on plaintiffs' property.

Following plaintiffs' purchase of their property and some time in May, 1944, the two-ribbon drive on their property was converted into a solid driveway with the south edge abutting the north edge of the cement which was laid on the 26-inch strip in 1924.

The evidence discloses that from the time the 26-inch strip was converted into solid cement in 1924 and continuously to June, 1946, the owners of the respective properties made joint use of this strip of land for driveway purposes as a means of ingress and egress to and from their respective properties.

In June, 1946, plaintiffs had a survey made of their lot and from this survey it appears that the south line of the 26-inch strip coincided with the south line of plaintiffs' lot. In other words, the survey showed that this strip of land, the use of which is in dispute, lies wholly within the lines of plaintiffs' lot. Shortly after the survey was made, plaintiffs set several iron stakes in the cement drive on a line about one inch north of the south line of their lot as established by the survey and strung a cable on these stakes.

This placing of the stakes in the cement drive and the cable thereon was met by a protest from the defendant, which took the form of well-directed blows of a sledge in the hands of defendant's husband against the obstruction placed in the drive. Shortly thereafter, this action was begun.

The evidence shows also that defendant's ingress to her garage from the street and egress therefrom was difficult and inconvenient during the time the obstruction set in the cement was maintained.

Plaintiffs claim that they have a right to rely on the deed to their property and the record title; that they had no notice or knowledge of any burden thereon in the form of an easement; and that the evidence does not show an open, notorious and adverse claim by defendant and her predecessors in title. It is claimed further that permission was given to lay the cement in the 26-inch strip; that the permission given is the equivalent of a license to make this improvement; and that a license can never ripen into an easement.

If the subsequent use of this strip, following the paving, were permissive, that is to say, by express permission or license, and not mere acquiescence, no matter how long the use continues, it would not ripen into an easement by prescription. 1 Ohio Jurisprudence, 518, Section 24; 15 Ohio Jurisprudence, 63, Section 45.

Plaintiffs have the burden of proof on the issue that the use made of this 26-inch strip was pursuant to an oral license and therefore not adverse. The record does not show any agreement in reference to the use of the strip of land in dispute for driveway purposes by the owners of these adjoining properties and the plaintiffs have not met the burden of proof on this issue.

It affirmatively appears that this strip of land, the use of which is in issue in this case, was used by the parties and their predecessors in title without "let or hindrance" for a period of 21 years and more prior to the commencement of this action.

We feel that the case of *Pavey* v. *Vance*, 56 Ohio St., 162, 46 N. E., 898, wherein the character of the use is substantially the same, is decisive of the issues in this case. We quote the syllabus as follows:

"1. Where one uses a way over the land of another without permission as a way incident to his own land and continues to do so with the knowledge of the owner, such use is, of itself adverse, and evidence of a claim of right. And where the owner of the servient estate claims that the use was permissive, he has the burthen of showing it.

"2. When one who is the owner of a tract of land uses a way over the land of another for the convenience of egress and regress to his own land, without let or hindrance and without obstruction for the period of twenty-one years, he thereby, in the absence of anything to the contrary, acquires a right by prescription to its use as an incident to his land; and the right will pass by a conveyance or descent of the land."

On the issues joined in the pleadings and the evidence, there must be a finding for defendant and against the plaintiffs and that defendant has a prescriptive right to use the strip of land in dispute for driveway purposes jointly with the plaintiffs as a means of ingress to and egress from their respective properties.

Plaintiffs' petition is dismissed at plaintiffs' costs.

*Petition dismissed.*

STUART and CARPENTER, JJ., concur.