HADDOX et al., Appellants,

v.

SHELL CHEMICAL COMPANY, Appellee.

[Cite as *Haddox v. Shell Chem. Co.* (2000), 139 Ohio App.3d 454.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 99CA45.

Decided Oct. 13, 2000.

George J. Cosenza, for appellants.

Mark A. Johnson and Jeffery L. VanWay, for appellee.

KLINE, Presiding Judge.

Terry Haddox, James Lipscomb, and Matthew Miller (collectively "the former employees") appeal the Washington County Court of Common Pleas' grant of summary judgment to Shell Chemical Company ("Shell.") The former employees argue that, as a matter of law, they are entitled to arbitrate the dispute over their termination from Shell because, pursuant to their employment contract, an employee may arbitrate any dispute with Shell. We disagree because Shell employees are entitled to arbitration only when a legally protected right is at issue. However, because a genuine issue of material fact as to whether a legally protected right is at issue, we reverse the summary judgment of the trial court.

I

In May 1997, Shell implemented a conflict resolution program called Shell RESOLVE ("the program.") The program became a condition for employment for all employees continuing to work for Shell after May 1, 1997. The program applied to all "covered disputes," as defined by the Plan Document. The program had several types of conflict resolution, including internal mediation, external mediation, and arbitration. An employee with a covered dispute is entitled to early workplace resolution and external mediation. However, according to the Plan Document, the program limits the availability of arbitration to "a covered dispute in which a legally protected right is claimed."

Shell distributed a brochure summarizing the program. The "Highlights" page explains external mediation and arbitration as follows:

"The Shell Ombuds can arrange for you and the other party involved in a conflict to meet informally with an outside expert mediator, who will help you reach resolution. Mediation of your individual claims is required before you may proceed to Arbitration, or to litigation on either an individual or class basis. This is a condition of employment at Shell. *If the conflict is not satisfactorily resolved through External Mediation and the conflict involves a legally protected right, you may request Arbitration or proceed to litigation.*" (Emphasis added.)

The brochure then goes on to explain the program in detail. In the section explaining external mediation, the brochure provides that "if this external mediation does not achieve resolution and the conflict involves a legally protected right, you can proceed to arbitration or litigation." In the section entitled "The Arbitration Alternative," the brochure explains:

"Arbitration is also an effective way to resolve employment-related conflict *that involves a legally protected right.* * * * Arbitration is optional. [Shell] will agree to be bound by the decision if that decision is acceptable to you. If you're dissatisfied with the arbitrator's decision, you're free to take your case to court, and the arbitrator's decision will not be binding on any of the parties." (Emphasis added).

The brochure ends with a Question and Answer section. This section contains the following:

**"4. What's the difference between Mediation and Arbitration?**

"Mediation is a process in which those involved in a dispute try to resolve it with the aid of a neutral third party, the mediator. A mediator cannot require that an agreement be reached and does not render a decision as a judge or arbitrator would. Instead, the mediator helps open up lines of communication and helps those involved reach a mutually acceptable solution. In Arbitration, a dispute is submitted to an outside, neutral party who, after considering the facts, renders a written decision.

**"5. Do you have to go through External Mediation before proceeding to Arbitration?**

"Yes. If you are unable to resolve your conflict by using the internal resources available under [the program], the terms of the program require that you use External Mediation before pursuing litigation.

"If agreement is not reached through External Mediation, you have the option to request Arbitration before proceeding with a lawsuit."

The final paragraph of the brochure provides that "[t]he preceding pages summarize [the program]. While every effort has been made to describe the program as simply, clearly, and accurately as possible, if there is any discrepancy between this description and the terms and conditions set forth in the [P]lan [D]ocuments, the [P]lan [D]ocuments will govern."

In July 1997, the former employees arranged, with Shell's approval, to take a training class in Arizona. Once the former employees submitted their expense statements for this trip, Shell began an investigation into the trip. Following its investigation, Shell terminated the former employees.

Pursuant to the program, the parties engaged in external mediation. However, the parties were unable to reach a settlement. In July 1998, the former employees requested arbitration of their conflict. In this request, they asserted for the first time that their conflict with Shell involved a legally protected right. They claimed to have concerns about age and disability discrimination and anti-union activities by Shell. After Shell reviewed their request for arbitration, it determined that no legally protected right had been properly asserted within the parameters of the program, and declined to submit the dispute to arbitration.

In response, the former employees filed a complaint alleging that Shell had breached its employment contract by refusing to submit to arbitration. They sought compensatory damages and specific performance of the contract, that is, an order directing Shell to submit to arbitration pursuant to the program.

Both Shell and the former employees filed motions for summary judgment. The trial court found that Shell was entitled to summary judgment as a matter of law because, under the program, Shell must arbitrate only disputes concerning legally protected rights. The trial court granted Shell's motion for summary judgment and denied the former employees' motion for summary judgment.

The former employees appeal asserting the following assignment of error:

"Did the trial court err by granting the appellee's motion for summary judgment and in denying the appellants' motion for summary judgment?"

## II

Summary judgment is appropriate only when it has been established (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786, 787–788. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 535, 629 N.E.2d 402, 406.

The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264, 274–275, citing *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts

showing that there is a genuine issue for trial." Civ.R. 56(E); *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; *Dresher,* 75 Ohio St.3d at 294–295, 662 N.E.2d at 274–275.

In reviewing whether an entry of summary judgment is appropriate, we must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. *Morehead,* 75 Ohio App.3d at 411–412, 599 N.E.2d at 787–788. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Id.* See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12.

■ In their only assignment of error, the former employees urge us to determine that as a matter of law, the program does not require that a conflict involve a legally protected right in order to require Shell to submit to arbitration. They rely on the question-and-answer excerpts reproduced in Section I of this opinion. The excerpts speak of arbitration without limiting its discussion to conflicts involving legal rights.

Shell urges us to review the excerpts in conjunction with the entire brochure and the Plan Document to determine that the program requires Shell to arbitrate only conflicts involving a legally protected right. Shell also asserts that the Plan Document controls because the brochure contains a disclaimer that if "there is any discrepancy between [the brochure] and the terms and conditions set forth in the plan documents, the [P]lan [D]ocuments will govern."

The only issue for which the former employees seek review is whether the brochure created an obligation for Shell to arbitrate any claims other than those involving a legally protected right.[1]

We will not take the material cited by the former employees (questions four and five from the brochure) out of context to create such an obligation. Reading the brochure as a whole, it is clear that the only claims that Shell is required to submit to arbitration are those involving a legally protected right. Further, the brochure expressly provides that if the brochure and the Plan Document are in conflict, the Plan Document controls. Thus, all claims arising under the program must by resolved by reference to the Plan Document. See *Linda Walker v. AK Steel Corp.* (Mar. 31, 1998), S.D.Ohio No. C–1–97–0290, unreported, 1998 WL 422860, fn. 2.

---

1. At oral argument, the former employees asserted for the first time that the definition of the term "legally protected right" is also at issue here. However, neither party asserted or argued this issue in their motions for summary judgment or in their appellate briefs. Therefore, we decline to address this issue. See App.R. 12(A)(2) and App.R. 16(A).

Thus, if the former employees' claims did not involve a legally protected right, Shell would not be required to submit to arbitration under the program.

█    However, Shell is not entitled to summary judgment because there is a genuine issue of material fact as to whether the former employees' claim involves a legally protected right.   In their July 1998 letter requesting arbitration, the former employees asserted that their claim involved a legally protected right. An affidavit attached to Shell's motion for summary judgment indicates that Shell's legal department determined that there was no legally protected right at issue in the former employees' claim.   Thus, the trial court erred in granting summary judgment because there is a genuine issue of material fact.   Accordingly, we reverse the judgment of the trial court.

*Judgment reversed.*

HARSHA, J., concurs separately.

PETER B. ABELE, J., concurs in judgment only.

HARSHA, Judge, concurring.

I perceive that issue as whether appellants must allege the existence of a "legally protected right" during the initial steps of the RESOLVE program. Because the previous steps did not require the existence of such a right to participate in them, there is no collateral estoppel or res judicata effect that precludes the appellants from raising the existence of a legally protected right in their demand for arbitration.

In fact, the demand for arbitration raises concerns about age and disability discrimination and anti-union animus on Shell's part.   While these "concerns" may ultimately prove to be entirely baseless, they do raise issues concerning legally protected rights.   Thus, I believe that appellants were entitled to participate in arbitration and were likewise entitled to summary judgment enforcing such a right.   In my view, there is no genuine issue of material fact, since the question of whether the dispute involved a legally protected right is itself a matter of law.   Thus, I would not only reverse the judgment of the trial court but also remand with instructions to enter judgment in favor of the appellants on the issue of the right to arbitrate.