DECISION AND JUDGMENT ENTRY
Plaintiff-Appellant Glen Burchfield appeals the judgment of the Hocking County Court of Common Pleas, which granted summary judgment in favor of Defendants-Appellees Murlin E. and Alberta R. Wolfe, on appellant's claim for a prescriptive easement across appellees' land. We find appellant's assignment of error to have no merit and affirm the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
The facts relevant to this appeal are as follows. On June 20, 1996, appellant and Candace Whaley purchased certain real property in the Village of Murray City, Hocking County, Ohio (the Village), from Gerald and Joan Sorrell.
The 1.24-acre lot, which appellant and Whaley purchased from the Sorrells, has frontage along three public roadways. Arthur Street, which runs northeast to southwest, delineates the property's western boundary. State Route 78 (Main Street), also runs northeast to southwest, and delineates the lot's eastern boundary. Job Street, which runs east to west, delineates the lot's southern boundary. An adjoining lot, owned by Ronald and Sherry Bullock, forms the northern boundary of appellant's property, which runs east to west. Finally, a gravel driveway runs from appellant's lot, in a northerly direction, across the Bullocks' lot and other tracts of real estate owned by George Boggs, appellees, and Perry Person. The driveway provides access to Hack Street from appellant's property.
The appellees owned the property, which a segment of the driveway crosses, from 1962 to 1989, when it was traded to George and Linda Boggs. Appellees subsequently repurchased this property in 1998 and have owned it since that time.
The disputed driveway is approximately thirty-feet wide and has been used by appellant to access Hack Street since he and Whaley purchased the real estate from the Sorrells in 1996. On April 3, 1999, appellees placed two iron pipes in the driveway, which effectively retracted the driveway's width from thirty feet to ten feet where it crosses their property.
On April 15, 1999, appellant filed a verified complaint in the Hocking County Court of Common Pleas, alleging that he had acquired a prescriptive easement, allowing him the use of the driveway over appellees' property. In his complaint, appellant alleged that appellees threatened to erect a gate across the driveway to block travel on it. Appellant also alleged in his complaint that the driveway provided the only means of accessing his real estate and was a public road known as Arthur Street. Finally, appellant alleged that the driveway had been used for access for more than the requisite period for obtaining a prescriptive easement.
On April 22, 1999, appellees filed an answer to appellant's verified complaint. In their answer, appellees stated that appellant failed to state a cause of action and join necessary parties. Appellees denied that Arthur Street passes through their property, that they threatened to block the driveway with a gate, or that they were intentionally blocking appellant's access to his real estate. Appellees further denied that appellant's only access to his real estate was the disputed driveway, since his property has frontage on both Job and Arthur Streets.
On May 26, 1999, appellees filed a motion for leave to file an amended answer. On that same day, appellees also filed a motion for leave to file a motion for summary judgment. On May 28, 1999, the trial court granted both parties leave to file motions for summary judgment, even though appellees alone sought leave to do so. The trial court also granted appellees leave to file an amended answer.
On May 28, 1999, appellees filed their amended answer asserting that the use of the driveway was permissive and that appellant's lawsuit was frivolous, thus entitling appellees to sanctions and attorney fees.
On June 2, 1999, appellees filed a motion for summary judgment, pursuant to Civ.R. 56. In the memorandum supporting the motion, appellees argued that appellant could not show the requisite elements of a prescriptive easement. Specifically, appellees argued that appellant could not prove to the court, by clear and convincing evidence, that his use of the driveway was adverse for the requisite period (i.e., twenty-one years), because appellant had only owned the property since 1996 and his predecessor had used the driveway with appellees' permission. Attached to the motion were affidavits of Gerald Sorrell, appellant's predecessor in title, and Appellee Murlin Wolfe.
Gerald Sorrell, in his affidavit, stated that he was seventy-two years of age, retired, and that he and his wife were the previous owners of appellant's property. Gerald Sorrell there stated that, while he owned this property, he used the disputed driveway across appellees' property. However, Gerald Sorrell further explained that his use of the driveway was with "express approval and permission of [Appellee Murlin Wolfe], and the subsequent owner, George Boggs." We note that George Boggs owned appellees' property at the time the Sorrells sold the property to appellant.
Appellee Murlin Wolfe, in his affidavit, stated that he and his wife acquired the parcel of property that the driveway crosses in 1962. Appellee Murlin Wolfe explained that during the time the Sorrells owned appellant's property, they used the driveway across appellees' property with appellees' permission. According to his affidavit, the Sorrells permissively used the disputed driveway from 1973 until they sold the property to appellant in 1996. Appellee Murlin Wolfe stated that no such arrangement was extended to appellant.
On June 24, 1999, appellant filed a memorandum contra to appellees' motion for summary judgment. In his memorandum, appellant argued that there was a question of fact to be determined: whether the use of the driveway by Gerald Sorrell was in fact permissive and with the consent of appellees. Attached to the memorandum was a second affidavit of Gerald Sorrell, in which he stated that while he owned appellant's property he used the disputed driveway. Gerald Sorrell further stated that, "While I have signed an affidavit indicating that the use was with consent of [Appellee Murlin Wolfe,] I never expressly received permission from him. I simply used the road and I was never stopped."
On June 28, 1999, appellees filed a supplemental memorandum in support of their motion for summary judgment. The appellees argued that the second affidavit of Gerald Sorrell implies that his use of the driveway was not hostile or adverse to appellees' rights to the property because he stated that he had appellees' consent to use the driveway.
On June 28, 1999, the trial court partially sustained appellees' motion for summary judgment. In doing so, the trial court stated that, "The affidavit of [Gerald Sorrell] proves that he did not adversely possess the property in question, because he felt it was a public street. The issue of whether the way is a public street is hereby preserved, and the matter shall proceed on that issue."
On July 15, 1999, and again on August 30, 1999, appellees filed supplemental memoranda in support of their motion for summary judgment. Amongst several attachments to these memoranda was a third affidavit of Gerald Sorrell, in which he stated that he did not have his glasses at the time he signed his second affidavit and did not fully read the affidavit. Gerald Sorrell stated in his affidavit that he never thought the disputed driveway was a public road and affirmed that his first affidavit was true and accurate.
On August 30, 1999, the trial court filed an entry overruling appellees' motion for summary judgment on the issue of whether the disputed driveway was a public road.
Following several continuances, on September 12, 2000, a bench trial took place on the issue of whether the disputed driveway was a public roadway, Arthur Street, or a private driveway. After appellant rested his case, appellees moved for a dismissal, pursuant to Civ.R. 41(B)(2). The trial court granted the motion after hearing arguments from both parties, as reflected in its decision and judgment entry filed September 18, 2000.
Appellant timely filed a notice of appeal with this Court and presents the following sole assignment of error for our review.
 [THE] TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF PRESCRIPTIVE EASEMENT.
Preliminarily, we note that appellant is not appealing from the judgment of the trial court that dismissed appellant's action regarding whether the driveway was a public roadway. The sole issue to be determined in this appeal is whether the trial court's grant of summary judgment in favor of appellees on appellant's prescriptive-easement claim was proper. Accordingly, we disregard any arguments by appellant regarding claims that the disputed driveway is a public road and that appellees should be estopped from arguing otherwise.
We conduct a de novo review of the trial court's grant of summary judgment pursuant to Civ.R. 56. See Renner v. Derrin Acquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has laid out the proper test to determine whether summary judgment is appropriate.
 Under Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346,617 N.E.2d 1129, 1132, quoting Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274. Therefore, we give no deference to the judgment of the trial court in arriving at our decision. See Renner, supra.
When a party to an action moves for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists as to all of the essential elements of a claim, even in regard to issues the opposing party would bear the burden of proving at trial. See Vahila v.Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164. The burden is then shifted to the nonmoving party to establish the existence of a genuine issue of material fact. The nonmoving party may not rest upon the allegations set forth in its pleadings in response to a properly supported summary-judgment motion. See Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264. The nonmoving party must show that there is a genuine issue of material fact to be tried by pointing to specific facts in the record through affidavits or other proper means. Seeid; Haddox v. Shell Chemical Co. (2000), 139 Ohio App.3d 454,744 N.E.2d 240.
In the case sub judice, appellant claimed to have acquired a prescriptive easement over appellees' property. Adverse possession and prescriptive easements are disfavored doctrines in Ohio jurisprudence. SeeGrace v. Koch (1998), 81 Ohio St.3d 577, 580, 692 N.E.2d 1009,1011-1012. "A successful adverse possession action results in a legal titleholder forfeiting ownership to an adverse holder without compensation. Such a doctrine should be disfavored, and that is why the elements of adverse possession are stringent." Id., citing 10 Thompson on Real Property (Thomas Ed. 1994) 108, Section 87.05 (explaining that "there are no equities in favor of a person seeking to acquire property of another by adverse holding"). With the nature of an action for a prescriptive easement as our backdrop, we press forward in our analysis.
In Vance v. Roa (Sept. 7, 2000), Lawrence App. No. 99CA23, unreported, 2000 Ohio App. LEXIS 4205, this Court stated that,
 In order to establish a prescriptive easement over property, one must prove that the use of that property is open, notorious, adverse to the owner's rights, continuous and for a period of at least twenty-one (21) years. Carlyn v. Garn (1995), 105 Ohio App.3d 704, 707, 664 N.E.2d 1325, 1327; Div. of Wildlife v. Freed
(1995), 101 Ohio App.3d 709, 712, 656 N.E.2d 694, 696; Pence v. Darst (1989), 62 Ohio App.3d 32, 37, 574 N.E.2d 548, 551. These elements must also be proven by clear and convincing evidence. See Coleman v. Penndel Co. (1997), 123 Ohio App.3d 125, 130, 703 N.E.2d 821, 824; J.F. Gioia, Inc. v. Cardinal Am. Corp. (1985), 23 Ohio App.3d 33, 37, 491 N.E.2d 325, 330. Being the owners of the would-be "servient estate," appellees needed only to show that their neighbors could not prove one of these elements in order to defeat the claim for a prescriptive easement.
Vance, supra; see, also, Grace v. Koch, 81 Ohio St.3d at 577,692 N.E.2d at 1009; Nusekabel v. Cincinnati Pub. Sch. Emples. Credit Union (1997),125 Ohio App.3d 427, 708 N.E.2d 1015. "Once the claimant establishes all of the elements for a prescriptive easement, the landowner may present evidence of permissive use to rebut the adverse nature of the claimant's use." Grinstead v. Metts (Jan. 27, 1999), Athens App. No. 97CA48, unreported; see, also, McInnish v. Sibit (1953), 114 Ohio App. 490, 493,183 N.E.2d 237.
The issue for this Court to determine is whether there is sufficient evidence to create a genuine issue of material fact regarding adverse use of the driveway for twenty-one years. See R.C. 2305.04 (providing, in pertinent part, that "an action to recover the title to or possession of real property shall be brought within twenty-one years after the cause accrued * * *").
Since appellant has only owned his property since 1996 and has been using the driveway since that time, he must "tack" or unite his time of usage with that of the preceding owners of his property, the Sorrells, in order to achieve the requisite twenty-one years of usage. See Zipf v.Dalgarn (1926), 114 Ohio St. 291, 151 N.E. 174. The Sorrells' usage of the driveway, however, must also meet all the elements required to establish a prescriptive easement. See id. at paragraph two of the syllabus.
It is essential, to a claim of prescription, that the use of the property, by the party seeking the prescriptive easement, be adverse or hostile to the rights of the property owner. See Vance, supra. "[E]vidence of adverse possession must be positive and must be strictly construed against the person claiming a prescriptive right to an easement." Hinman v. Barnes (1946), 146 Ohio St. 497, 66 N.E.2d 911, paragraph two of the syllabus.
The Supreme Court of Ohio has held that,
 Where one uses a way over the land of another without permission as a way incident to his own land and continues to do so with the knowledge of the owner, such use is, of itself adverse, and evidence of a claim of right. And where the owner of the servient estate claims that the use was permissive, he has the burden of showing it.
 Pavey v. Vance (1897), 56 Ohio St. 162, 46 N.E. 898, paragraph one of the syllabus; see Manos v. Day Cleaners Dyers, Inc. (1952),91 Ohio App. 361, 363, 108 N.E.2d 347, 349; Lane v. Kennedy (1861),13 Ohio St. 42, 46, 1861 Ohio LEXIS 102, 8; see, also, Goldberger v.Bexley Properties (1983), 5 Ohio St.3d 82, 448 N.E.2d 1380 (holding that the burden of proving the defense of permission does not materialize until the party claiming the prescriptive easement has shown the requisite elements for the prescriptive easement).
However, use of a driveway or land is not adverse where that use is by permission or accommodation of the owner. See Manos v. Day Cleaners Dyers, Inc., 91 Ohio App. at 363, 108 N.E.2d at 349. Consensual or permissive use of another's property cannot ripen into a prescriptive right. See McCune v. Brandon (1993), 85 Ohio App.3d 697, 621 N.E.2d 434, motion to certify overruled (1993), 67 Ohio St.3d 1455, 619 N.E.2d 423; see, also, Nusekabel v. Cincinnati Pub. Sch. Emples. Credit Union,125 Ohio App.3d at 433-434, 708 N.E.2d at 1019 (stating that, permissive use, such as by neighborly accommodation, is not adverse). Still, mere acquiescence is not permission. See Sting v. Rothacker (1947),82 Ohio App. 107, 80 N.E.2d 819.
Finally, a determination of whether a particular use is adverse or permissive "depends upon the unique facts and circumstances of the particular case." Grace v. Koch (Oct. 9, 1996), Hamilton App. No. C-950802, unreported, 1996 Ohio App. LEXIS 4432, affirmed by81 Ohio St.3d 577, 692 N.E.2d 1009; Glander v. Mendenhall (1943), 39 Ohio L.Abs. 104, 68 N.E.2d 105; Houser v. Proctor (Feb. 15, 1991), Erie App. No. E-89-58, unreported, 1991 Ohio App. LEXIS 657.
In the case sub judice, appellant acquired his real estate from the Sorrells in 1996, who had purchased the two lots in 1973 and 1976. It is undisputed that the Sorrells used the disputed driveway during the entire period they owned the property. What is disputed is the nature of the Sorrells' usage of the driveway, that is, whether the usage was adverse.
There are three affidavits that present evidence on the issue of the nature of the Sorrells' usage of the disputed driveway. Appellee Murlin Wolfe executed one affidavit, and Gerald Sorrell executed two relevant affidavits. As previously discussed, Appellee Murlin Wolfe stated in his affidavit that he gave express permission to the Sorrells to use the driveway over his property. From 1962 until 1989, appellees owned the property that the disputed driveway crosses.
Likewise, in Gerald Sorrell's first affidavit, he stated that his use of the driveway was with the express approval and permission of appellees and George Boggs, who owned appellees' property at the time the Sorrells sold their property to appellant. Boggs owned the property crossed by the disputed driveway from 1989, when he received it from appellees via a trade, until 1998 when he sold the property back to appellees. These affidavits corroborate each other in that they establish that the Sorrells had appellees' and Boggs' permission to use the driveway over the property.
However, in his second affidavit, Gerald Sorrell stated that, "While I have signed an affidavit indicating that the use was with consent of [Appellee Murlin Wolfe,] I never expressly received permission from him. I simply used the road and I was never stopped." (Emphasis added.) In this statement, Gerald Sorrell never denies having permission from Boggs to use the driveway over what is now appellees' property during the time period Boggs owned appellees' property and the Sorrells owned appellant's property. In other words, Gerald Sorrell's affidavit does not specifically contradict his earlier statement that his use of the disputed driveway, from 1989 until 1996, was with Boggs' permission.
Appellant argues that the first two affidavits given by Gerald Sorrell are conflicting and, as such, give rise to a genuine issue of material fact regarding whether the use of the driveway by the Sorrells was adverse. Gerald Sorrell stated in his second affidavit that he was never given express permission by Appellee Murlin Wolfe to use the driveway, that he used the driveway, and that he was never stopped from using it.
Using the disputed driveway across appellees' property, without appellees' permission, but with appellees' knowledge of the use meets the legal definition of adverse use. See Manos and Pavey, supra. However, this use only accounts for the period of 1973 until 1989. Gerald Sorrell, in his first affidavit, stated that he had George Boggs' permission to use the driveway. This statement remains uncontradicted by his second affidavit.
Therefore, there is no evidence of adverse use of the driveway by the Sorrells, from 1989 until 1996, when the Sorrells sold their property to appellant. The only evidence presented concerning this time period is Gerald Sorrell's statement from his first affidavit that his use was with Boggs' express permission. This statement has not been rebutted by the affidavits submitted by appellant with his memorandum contra to appellees' motion for summary judgment.
"The existence of any material factual dispute would preclude a grant of summary judgment." Glaser v. Bayliff (Jan. 29, 1999), Miami App. No. 98-CA-34, unreported, 1999 Ohio App. LEXIS 180. However, no material issue of genuine fact exists regarding the Sorrells' use of the driveway during the time George Boggs owned the property. Therefore, when the evidence is viewed in the light most favorable to appellant (the nonmoving party), the trier of fact could reach but one conclusion: that appellant has not shown that the use of the disputed driveway has been "open, notorious, adverse to the owner's rights, continuous, and for a period of at least twenty-one years." See Vance, supra.
We find that no genuine issue of material fact exists, that reasonable minds could come to but one conclusion, and that appellees are entitled to judgment as a matter of law. Accordingly, appellant's assignment of error is OVERRULED and the trial court's grant of summary judgement to appellees on the prescriptive-easement claim is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the HOCKING COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________ David T. Evans, Judge.
Kline, J. Concurs in Judgment and Opinion.
Abele, P.J. Concurs in Judgment Only.